**STANOLIND OIL AND GAS COMPANY et al., Plaintiffs in Error,**

v.

**Timmie McGEELEY et al., Defendants in Error.**

No. 35013.

Supreme Court of Oklahoma.

May 18, 1954.

Rehearing Denied Sept. 14, 1954.

W. T. Anglin, Alfred Stevenson, O. S. Huser, Holdenville, for plaintiffs in error.

Hugh M. Sandlin, James W. Rodgers, James W. Rodgers, Jr., James B. Sandlin, Holdenville, for defendants in error.

HALLEY, Chief Justice.

The plaintiffs, Timmie McGeeley and others, owned 80 acres of land in Hughes County which is traversed by Wewoka Creek from west to east.

The defendants, Stanolind Oil and Gas Company, and others, operate oil and gas leases upon the watershed of this creek above plaintiffs' land. Plaintiffs filed this action December 3, 1943, to recover damages for permanent injuries alleged to have been sustained by them because of the wrongful pollution of Wewoka Creek by defendants. Trial was had in 1950 to a jury. Plaintiffs recovered a judgment for $1,750 and defendants have appealed. The parties will be referred to as they appeared in the trial court.

Plaintiffs alleged that Wewoka Creek overflowed much of their land, about 35 acres of which was in cultivation and the remainder pasture land; that there were some 600 bearing pecan trees on the farm and the cultivated land produced good crops prior to the injuries complained of.

It was further alleged that the defendants permitted salt water and other deleterious substances to escape and flow over their land causing injury to their land, pecan trees, vegetation and crops and rendering the creek water unfit for domestic purposes. It was also alleged that salt water had caused one-half of the pecan trees to die; killed their crops and other vegetation, depriving plaintiffs of $350 annual income from the sale of pecans, $50 for rental from their grazing land and $200 from crops generally produced before the land was injured, and that the pecan crop had been reduced to less than $100 per year for 1941 and 1942; the farm land reduced to one-third of its former productivity and the grazing land practically destroyed and the water of Wewoka Creek rendered unfit for livestock and other domestic purposes; and that the value of the land was reduced from $8,000 to $800 by reason of the above injuries, and prayed for $7,200 damages.

The defendants answered by general denial but admitted that Wewoka Creek had been polluted since 1926 as a result of their operations of oil and gas wells on its watershed, but denied that the salt content of the water overflowing plaintiffs' land was great enough to materially affect trees or other vegetation. They also pled the two year statute of limitations.

Defendants also alleged that they had paid to plaintiffs' predecessor in title the sum of $620 for easements for permitting salt water and other deleterious substances to flow upon and over plaintiffs' land for a period of ten years; that such easements had been declared void, but that defendants were entitled to have such sum offset against any recovery by plaintiffs in this action.

Defendants submit that the court erred in admitting incompetent testimony on the measure of damages; that the judgment was not supported by competent evidence and is excessive; and that the court erred in giving Instruction No. 10. We shall consider these questions in the order named.

██ The well established rule as to the correct measure of damages for permanent injury to real property is expressed in the first syllabus in Greis v. Harjo, 185 Okl. 474, 94 P.2d 539, as follows:

"The measure of damage for the permanent injury of real property is the difference between the fair market value of the real property immediately prior to the injury, and the fair market value thereof immediately after such injury."

Plaintiffs alleged that prior to the injuries complained of their land was worth $8,000 and was worth only $800 when this action was filed in 1943. It was admitted that Wewoka Creek had been polluted for many years and that it overflowed a number of times during the two years preceding the filing of this action in 1943.

Plaintiffs produced only two witnesses who are qualified to testify as to the value of the land just before and just after the alleged injuries from pollution.

Al Feighney qualified as an expert on farm values and J. E. Osborn, a farmer who

is qualified to testify as to the value of farm land in that community, testified for the plaintiffs. Al Feighney testified, over the objections of the defendants, as to the value of the land in 1943 when this action was filed, and compared the 1943 value with the value in 1950.

J. E. Osborn testified as to the value of the land in 1941, two years before this action was filed, but compared that value with its value at the time of the trial in 1950. No witness testified as to the value of the land just before and just after the alleged injuries. Defendants not only objected to the testimony of these witnesses but demurred at the close of plaintiffs' evidence.

We think the court erred in admitting the above testimony as to the value of the land in 1941 by one witness and in 1943 by another witness, as compared with its value in 1950. This error requires that this case be reversed for a new trial.

Defendants raise another proposition which should be answered since a new trial is to be had and that is that the amount paid plaintiffs' predecessor in title for void easements should be offset against any recovery by plaintiffs. We cannot agree with this contention. In Magnolia Petroleum Co. v. McGeeley, 203 Okl. 470, 223 P.2d 131, we held that where a restricted Indian had received from defendants a sum paid for the privilege of running deleterious substances on and across the land of the plaintiff, and which agreement was later held void, that the sum so paid to and received by the landowner might be offset against any sum later recovered for injuries to his land. There the plaintiffs had received the consideration and presumably benefited thereby. Here the heirs and successors in title received no benefit from such payments and they should not be offset against any sum recovered by them.

This judgment is reversed and the case remanded for a new trial.

JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, and WILLIAMS, JJ., concur.

ARNOLD and BLACKBIRD, JJ., dissent.